UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEYMORE-JAMES, LLC,

      Plaintiff,

v.

JULIE A. DOSSIN,

      Defendant.

JULIE A. DOSSIN,

      Third Party Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., and
GOLD & VANARIA, P.C.

      Third Party Defendants.

**04 - 30236 - KPN**

CASE NO.:

FILING FEE PAID:
RECEIPT # _305791_
AMOUNT $ _150.00_
BY DPTY CLK _MM_
DATE _12/3/04_

## NOTICE OF REMOVAL

TO:  THE HONORABLE JUDGES OF THE
     UNITED STATES DISTRICT COURT
     DISTRICT OF MASSACHUSETTS

The third-party defendant, NCO Financial Systems, Inc. ("NCO"), by and through its

attorneys, Taylor, Duane, Barton & Gilman, LLP, respectfully state:

1.    The third-party plaintiff, Julie A. Dossin, commenced the above-captioned

action against NCO on or about November 3, 2004, by filing an Answer and Affirmative

Defenses and Third Party Complaint in the Brighton Division of the Boston Municipal

Court, Suffolk County, Commonwealth of Massachusetts, entitled <u>Julie A. Dossin v. NCO</u>

Financial Systems, Inc. and Gold & Vanaria, P.C., Civil Action No. 308 CV 0315. This action is now pending in that Court.

2.    On or about November 5, 2004, the third-party plaintiff served copies of the Summons, Third-Party Complaint, and Answer upon the Defendant, NCO Financial Systems, Inc., via CT Corporation, its registered agent. A copy of each of the foregoing papers, which constitute all of the processes and pleadings served to NCO to date, are annexed hereto as Exhibit "A."

3.    This claim or cause of action is one over which the Court has original jurisdiction under the provisions of 15 U.S.C. § 1692k, and is one that may be removed to this Court by NCO pursuant to the provisions of 28 U.S.C. §1441. The civil action giving rise to federal jurisdiction alleges causes of action arising under the Fair Debt Collection Practices Act ("FDCPA") against the co-third-party defendant, Gold & Vanaria, P.C. See Third-Party Complaint, ¶ 19-23. The violations of the FDCPA against Gold & Vanaria, P.C. are alleged to have occurred during the Summer of 2004. See Third-Party Complaint, ¶ 13-17. The FDCPA vests the federal district courts with jurisdiction: "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k..

4.    Accordingly, this Court has federal question removal jurisdiction under 28 U.S.C. §1441(b).

5.    Under 28 U.S.C. §1367(a), to the extent the Third-Party Complaint seeks additional relief under Massachusetts law, the Court has supplemental jurisdiction over all

such remaining pendent State claims because those claims are so related to the federal claim and they form part of the same case or controversy under Article III of the United States Constitution.

6.      Pursuant to Local Rule 40.1 of the Local Rules of the United States District Court for the District of Massachusetts, NCO seeks removal of this action to the Western Division of the District of Massachusetts because the majority of the parties residing in the District of Massachusetts reside in the Western Division of the District of Massachusetts.

7.      This Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b) and the Federal Rules of Civil Procedure.  Process in <u>Seymore-James, LLC v. Julie A. Dossin v. NCO Financial Systems, Inc. and Gold & Vanaria, P.C.</u>, Civil Action No. 0308 CV 0315, was served on NCO on November 5, 2004, which was not more than thirty (30) days before the filing of this Notice of Removal.

8.      Upon the filing of this Notice of Removal, NCO shall give written notice thereof to William J. McLeod, Esq., attorney for the third-party plaintiff, to the plaintiff, Seymore-James, LLC, and David Farkus, Esq., the attorney for the co-third-party defendant, Gold & Vanaria, P.C.  NCO shall file copies of this Notice of Removal and Notice of Filing of Removal, with the Court Clerk, Brighton Division of the Boston Municipal Court, Suffolk County, Commonwealth of Massachusetts.

WHEREFORE, the Third-Party Defendant, NCO Financial Systems, Inc., removes the above-captioned action now pending against it in the Brighton Division of the Boston Municipal Court, Suffolk County, Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts, wherein it shall proceed as an action originally commenced therein.

Third Party Defendant,

NCO Financial Systems, Inc.

By its Attorneys,

Edward D. Shoulkin, B.B.O. #555483
Eric M. Chodkowski, B.B.O. #648629
TAYLOR, DUANE, BARTON & GILMAN, LLP
160 Federal Street, 5th Floor
Boston, MA  02110
(617) 654-8200

Of Counsel

David Israel
SESSIONS, FISHMAN & NATHAN, L.L.P.
201 St. Charles Avenue, 35th Floor
New Orleans, Louisiana 70170-3500
Telephone:  (504) 582-1500
Facsimile:  (504) 582-1555

**CERTIFICATE OF SERVICE**

I, Eric M. Chodkowski, hereby certify that on December 3, 2004, I caused a copy of the Third-Party Defendant's Notice of Removal to be served by overnight mail, postage prepaid to: William J. McLeod, Esq., 77 Franklin Street, Boston, MA 02110, attorney for the Third-Party Plaintiff; the plaintiff, Seymore-James, LLC; and David J. Farkas, Esq., 1350 Main Street, Springfield, MA 01103, attorney for the co-third-party defendant, Gold & Vanaria, P.C.

I hereby further certify that on this date I caused a copy of Defendants' Notice of Filing of Removal together with a copy of the Notice of Removal to be delivered for filing, via first class mail, to the Civil Clerk, Brighton Division of the Boston Municipal Court, Suffolk County, Commonwealth of Massachusetts.

Eric M. Chodkowski

# Commonwealth of Massachusetts

**Brighton Division**
**District Court Department**

Suffolk, ss.

Seymore James, LLC, Plaintiff -v- Julie Dossin;

Julie A. Dossin

**Third Party        Plaintiff**

Civil No. ..0308..CV..0315...............

**SUMMONS**
**(Rule 4)**

NCO..Financial..Systems,..Inc...and..Gold..and..Vanaria,..PC
**Third Party        Defendants**

To defendant NCO..Financial..Systems,..Inc..............of c/o CT Corporation Systems, 101 Federal St.
                    (name)                                (address)            Boston, MA  02110

You are hereby summoned and required to serve upon ......William..J...McLeod..Third..Party, plaintiff('s

attorney), whose address is 77..Franklin..Street,..Boston,..MA..02110.............., a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgement by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS R. Peter Anderson, Presiding Justice, on ...........November..3,..2004...........................
                                                                                    (date)

(SEAL)

*James B. Roche*
**Clerk - Magistrate**

Note:  (1)  When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
        (2)  The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On ..........................................., I served a copy of the within summons, together with a copy of the
        (date of service)

complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

A true copy Attest:
[11/3/04]  Deputy Sheriff Suffolk County

_____
(signature)

_____
(name and title)

_____
(address)

Note:  (1)  The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4 (f).
        (2)  Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
        (3)  If service is made at the last and usual place of abode, the other shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.    **COPY**

BOSTON MUNICIPAL COURT
BRIGHTON DIVISION

SEYMORE-JAMES, LLC

    Plaintiff,

  -v-

CIVIL NO. 0308CV0315

JULIE A. DOSSIN,

    Defendant,

JULIE A. DOSSIN,

    Third Party Plaintiff,

  -v-

NCO FINANCIAL SYSTEMS, INC.,
and GOLD & VANARIA, P.C.

    Third Party Defendants,

## ANSWER AND AFFIRMATIVE DEFENSES
## AND THIRD PARTY COMPLAINT
## OF JULIE A. DOSSIN

### ANSWER

1.    The Defendant is without sufficient knowledge to either admit or deny the allegations of the first paragraph of the complaint, and therefore, leaves the Plaintiff to its proof.

2.    The Defendant admits she is a natural person. The remaining allegations of this paragraph are denied.

3.    The allegation that the Defendant owes the Plaintiff money is denied, as to the terms of the account, the subject of which gives rise to this lawsuit, she is without sufficient knowledge to either admit or deny those allegations, and thus leaves the Plaintiff to its proof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is barred from recovery due to its unclean hands.

### Third Affirmative Defense

Plaintiff is barred from bringing these claims due to the doctrine of estoppel.

### Fourth Affirmative Defense

The Plaintiff's claims are barred due to a complete failure of consideration.

### Fifth Affirmative Defense

Plaintiff has waived its right to bring these claims.

### Sixth Affirmative Defense

Plaintiff's are barred based on the doctrine of accord and satisfaction.

### Seventh Affirmative Defense

The Complaint must be dismissed because of insufficiently of process and/or service of process.

WHEREFORE, the Defendant prays that the Court enter judgment in her favor,
and further ORDER:

    a.    That the Complaint be dismissed with prejudice;

    b.    That the Plaintiff be ordered to pay the Defendant's costs and fees
associated with defending this action, including but not limited to,
reasonable attorney fees; and

    c.    Any additional relief that the Court deems equitable, just and
proper.

## THIRD PARTY COMPLAINT

1.    The Plaintiff-in-counterclaim and Third Party Plaintiff, Julie Dossin,
herein referred to as Ms. Dossin, is a resident of the City of Boston.

2.    The Third Party Defendant, Gold & Vanaria, P.C. is a professional
corporation organized under the laws of the Commonwealth of Massachusetts,
engages in the practice of law, and shares an office with the Plaintiff, Seymore-
James, LLC at 1350 Main Street, Suite 1400 in Springfield, Massachusetts. Gold
& Vanaria, P.C. regularly engages in collection activities on behalf of its clients.
As such, its business activities fall under the protective umbrella of the Fair Debt
Collection Practices Act.

3.    The Third Party Defendant, NCO Financial Systems, Inc. ("NCO")
is, upon information and belief a corporation organized under the laws of another
state, with a principal place of business located in Horsham, Pennsylvania.

3

Among other things, it is in the regular business of debt collecting from consumers.

## Background

4.     Ms. Dossin had a credit card account with Household Bank, N.A. ("Household"), who is not a party to this action (hereinafter referred to as the "Household Account.").

5.     At some point prior to March 2001, Ms. Dossin encountered financial difficulty in meeting some of her personal obligations, including but not limited to the Household Account. She fell behind on her payments and, upon information and belief, Household referred the account to a collection agency. That collection agency was the Third Party Defendant, NCO.

6.     During this time period, and continuing thereafter, Ms. Dossin attempted to address her debt problems by settling her credit card accounts for less than face value. In fact, in an effort to avoid bankruptcy, Ms. Dossin settled a number of credit card accounts without the benefit or assistance of legal counsel.

7.     On or about March 16, 2001 NCO offered Ms. Dossin a settlement in the amount of $6,000 (herein referred to as "The Settlement Phone Call"). Eager to settle this account, Ms. Dossin asked the representative from NCO if she could place that amount on a credit card. The representative told her that she could, and immediately, Ms. Dossin put the sum of $6,000 on a credit card.

8.     If NCO had not offered her a settlement of all claims, which they had the authority to do, she would not have tendered a payment, which she

4

ultimately borrowed from a credit card, in the amount of $6,000 for payment on the Household Account.

9.     Shortly thereafter, NCO contacted the Plaintiff again and asked her if she was intending to pay the balance of her bill. She informed NCO that she had settled the account, and NCO representative informed her that she had not. The representative informed her that the settlement amount "should have been" $8,600. Ms. Dossin specifically asked for the representative that settled the account with her, and took the $6,000 payment over the telephone. She was informed that that representative had been terminated from her employment within days of the Settlement Phone Call.

10.     Ms. Dossin did not hear from NCO again, and reasonably assumed that the matter had been appropriately handled, that the Household account was settled and closed, and that no further action was necessary.

12.     In 2004, Ms. Dossin learned for the first time that she was being sued. However, as of the date of this filing, she has never seen a copy of the complaint in this matter and only recently was it supplied to her counsel.

13.     In a court appearance that took place during the summer of 2004, Ms. Dossin appeared in this Court. Either at that court appearance or shortly thereafter, she presented a copy of the credit card bill to Gold & Vanaria, P.C., representing Seymore-James and informed them that the account was paid in full through a settlement. Gold & Vanaria, P.C. effectively told Ms. Dossin that they did not believe her, and that she was obligated to pay. Moreover, Gold & Vanaria, P.C. informed her that her documentation was not sufficient.

14.   Ms. Dossin is, in every sense of the word, a less than sophisticated consumer, and reasonably believed that an officer of the court would not lie to her in a courthouse. She was falsely lead to believe that despite settling this amount with NCO, she would be forced to pay the balance of the debt because she did not any other documentation to support her claim.

15.   In a letter dated August 26, 2004, Ms. Dossin's counsel sent a letter to Gold & Vanaria, P.C. outlining the allegations herein, namely, that she had settled the account with NCO via a credit card payment, that the account was settled, and that the collection of the debt was a violation of the Federal Fair Debt Collection Practices Act as well as other applicable laws.

16.   In a response to that letter dated October 13, 2004, Gold & Vanaria claimed that they had investigated the allegations Ms. Dossin presented and that NCO informed them that the $6,000 was made in the "regular course."

17.   In their response, Gold & Vanaria, P.C. <u>again</u> attempted to collect the debt by demanding a payment of $12,000.

### COUNT ONE (v. Gold & Vanaria, P.C.)

18.   Paragraphs 1 through 17 are included in this count as if fully set forth herein.

19.   Gold & Vanaria, P.C.'s claim that it's client is entitled to any funds on this account is patently false and misleading and in violation of the Federal Fair Debt Collection Practices Act (FDCPA).

20.    Gold & Vanaria, P.C.'s use of the litigation process, in an effort to collect a debt on behalf of Seymore James, LLC is unfair, unlawful and unconscionable and in violation of the Federal Fair Debt Collection Practices Act.

21.    Gold & Vanaria's representation to Ms. Dossin that her documentation was not adequate to dispute her claim was patently false and misleading and specifically designed to strong arm Ms. Dossin into paying a debt she settled and resolved.

22.    Upon receipt of evidence of the disputed debt, the FDCPA requires Gold & Vanaria to obtain verification of the debt, and more importantly, bring Ms. Dossin's claims to the attention of its client.  Upon information and belief, Gold & Vanaria did not comply with their legal obligations under the FDCPA until prompted by Ms. Dossin's counsel, and even then, they did not fulfill those obligations.

23.    All of the aforementioned conduct violates the Fair Debt Collection Practices Act, and thus Gold & Vanaria, PC is strictly liable (15 U.S.C. Section 1692, et seq.).

24.    As a result of the unlawful conduct of the Defendant Gold & Vanaria, PC, Ms. Dossin has suffered damages, including emotional distress damages, damages to her credit and reputation, and has been forced to incur costs and attorneys fees, all to her loss and damage.

## COUNT TWO (v. NCO FINANCIAL SYSTEMS, INC)

25.    Paragraphs 1 through 24 are included in this count as if fully set forth herein.

7

11/09/2004 08:13 FAX 5048283737                    S F & N LLP

11/08/04  12:44 FAX 716 404 2120      Case 3:04-cv-30236-MAP    Document 1-2    NCO FINANCIAL SYSTEMS    Filed 12/03/2004    SFN    Page 9 of 23    ☒012/0:!6
☒011/028

26.     Either NCO reneged on its settlement with Ms. Dossin without informing her, or alternatively, they false represented to her that she was settling the account when they had no intention to do so.  Either way, by NCO reneging on the settlement agreement it made with Ms. Dossin, it clearly engaged in an unfair and deceptive practice in violation of Chapter 93A of the Massachusetts General Laws.  Ms. Dossin was lead to believe that for a payment of $6,000 the Household account would be settled and the matter resolved.  Instead, one of at least two things happened:

   a.  NCO intentionally mislead Ms. Dossin into thinking that with a payment of $6,000 she could settle her account when they knew it was a false hood, and they knew that they were making that representation solely to get money from her; or

   b.  NCO had an incompetent collection agent who offered a settlement to Ms. Dossin that NCO and/or its principal did not approve but was nevertheless legally bound by.  This allegation is further bolstered by the fact that Ms. Dossin was informed that within days of the Settlement Phone Call, the collection agent was terminated from her employment.

27.     NCO intentionally concealed the fact that the account was settled to either cover up its unlawful and fraudulent activities which are in violation of the Fair Debt Collection Practices Act, or to cover up the incompetence of its collection agents, which is unfair and deceptive under Chapter 93A of the General Laws.

8

28.  As a result of the unlawful actions of NCO as aforesaid, Mr. Brown has suffered damages, including emotional distress damages, damages to his credit and reputation, and has been forced to incur costs and attorneys fees, all to her loss and damage.

30.  To the extent that Seymore James, LLC is entitled to anything in its complaint, is against NCO and/or other parties not known at this time for intentionally misleading it into believing that debt it allegedly acquired for value was legally enforceable and/or otherwise valid.

WHEREFORE, the Third Party Plaintiff prays that this Court enter judgment in her favor, and further ORDER:

a.  That she be awarded compensatory damages;

b.  That she be awarded punitive damages;

c.  That the Third Party Defendants pay the costs of bringing this action, including but not limited to reasonable attorneys fees; and

d.  Any additional relief that this Court deems equitable, just and proper.

DATED at Boston, Massachusetts this 14th day of October, 2004.

THE DEFENDANT,
and
THIRD PARTY PLAINTIFF
Julie A. Dossin

By her attorney:

William J. McLeod, BBO 560572
McLeod Law Offices PC
77 Franklin Street
Boston, MA 02110
617-542-2956/phone
617-695-2778/fax

## Certificate of Service

I hereby certify that a true copy of this document was mailed to counsel of record this 14th day of October, 2004, by mailing a copy to:

William J. McLeod

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    BOSTON MUNICIPAL COURT
                                                BRIGHTON DIVISION

SEYMORE-JAMES, LLC

     Plaintiff,
-v-                                            CIVIL NO. 0308CV0315

JULIE A. DOSSIN,

     Defendant.


JULIE A. DOSSIN,

     Third Party Plaintiff,

-v-

NCO FINANCIAL SYSTEMS, INC.,
and GOLD & VANARIA, P.C.

     Third Party Defendants,


## ANSWER AND AFFIRMATIVE DEFENSES
## AND THIRD PARTY COMPLAINT
## OF JULIE A. DOSSIN

### ANSWER

1.    The Defendant is without sufficient knowledge to either admit or

deny the allegations of the first paragraph of the complaint, and therefore, leaves

the Plaintiff to its proof.

2.    The Defendant admits she is a natural person.  The remaining

allegations of this paragraph are denied.

1

3.      The allegation that the Defendant owes the Plaintiff money is denied, as to the terms of the account, the subject of which gives rise to this lawsuit, she is without sufficient knowledge to either admit or deny those allegations, and thus leaves the Plaintiff to its proof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is barred from recovery due to its unclean hands.

### Third Affirmative Defense

Plaintiff is barred from bringing these claims due to the doctrine of estoppel.

### Fourth Affirmative Defense

The Plaintiff's claims are barred due to a complete failure of consideration.

### Fifth Affirmative Defense

Plaintiff has waived its right to bring these claims.

### Sixth Affirmative Defense

Plaintiff's are barred based on the doctrine of accord and satisfaction.

### Seventh Affirmative Defense

The Complaint must be dismissed because of insufficiently of process and/or service of process.

2

WHEREFORE, the Defendant prays that the Court enter judgment in her favor, and further ORDER:

    a.    That the Complaint be dismissed with prejudice;

    b.    That the Plaintiff be ordered to pay the Defendant's costs and fees associated with defending this action, including but not limited to, reasonable attorney fees; and

    c.    Any additional relief that the Court deems equitable, just and proper.

## THIRD PARTY COMPLAINT

1.    The Plaintiff-in-counterclaim and Third Party Plaintiff, Julie Dossin, herein referred to as Ms. Dossin, is a resident of the City of Boston.

2.    The Third Party Defendant, Gold & Vanaria, P.C. is a professional corporation organized under the laws of the Commonwealth of Massachusetts, engages in the practice of law, and shares an office with the Plaintiff, Seymore-James, LLC at 1350 Main Street, Suite 1400 in Springfield, Massachusetts. Gold & Vanaria, P.C. regularly engages in collection activities on behalf of its clients. As such, its business activities fall under the protective umbrella of the Fair Debt Collection Practices Act.

3.    The Third Party Defendant, NCO Financial Systems, Inc. ("NCO") is, upon information and belief a corporation organized under the laws of another state, with a principal place of business located in Horsham, Pennsylvania.

Among other things, it is in the regular business of debt collecting from
consumers.

### Background

4.    Ms. Dossin had a credit card account with Household Bank, N.A.
("Household"), who is not a party to this action (hereinafter referred to as the
"Household Account.").

5.    At some point prior to March 2001, Ms. Dossin encountered
financial difficulty in meeting some of her personal obligations, including but not
limited to the Household Account.  She fell behind on her payments and, upon
information and belief, Household referred the account to a collection agency.
That collection agency was the Third Party Defendant, NCO.

6.    During this time period, and continuing thereafter, Ms. Dossin
attempted to address her debt problems by settling her credit card accounts for
less than face value.  In fact, in an effort to avoid bankruptcy, Ms. Dossin settled
a number of credit card accounts without the benefit or assistance of legal
counsel.

7.    On or about March 16, 2001 NCO offered Ms. Dossin a settlement
in the amount of $6,000 (herein referred to as "The Settlement Phone Call").
Eager to settle this account, Ms. Dossin asked the representative from NCO if
she could place that amount on a credit card.  The representative told her that
she could, and immediately, Ms. Dossin put the sum of $6,000 on a credit card.

8.    If NCO had not offered her a settlement of all claims, which they
had the authority to do, she would not have tendered a payment, which she

4

ultimately borrowed from a credit card, in the amount of $6,000 for payment on the Household Account.

9. Shortly thereafter, NCO contacted the Plaintiff again and asked her if she was intending to pay the balance of her bill. She informed NCO that she had settled the account, and NCO representative informed her that she had not. The representative informed her that the settlement amount "should have been" $8,600. Ms. Dossin specifically asked for the representative that settled the account with her, and took the $6,000 payment over the telephone. She was informed that that representative had been terminated from her employment within days of the Settlement Phone Call.

10. Ms. Dossin did not hear from NCO again, and reasonably assumed that the matter had been appropriately handled, that the Household account was settled and closed, and that no further action was necessary.

12. In 2004, Ms. Dossin learned for the first time that she was being sued. However, as of the date of this filing, she has never seen a copy of the complaint in this matter and only recently was it supplied to her counsel.

13. In a court appearance that took place during the summer of 2004, Ms. Dossin appeared in this Court. Either at that court appearance or shortly thereafter, she presented a copy of the credit card bill to Gold & Vanaria, P.C., representing Seymore-James and informed them that the account was paid in full through a settlement. Gold & Vanaria, P.C. effectively told Ms. Dossin that they did not believe her, and that she was obligated to pay. Moreover, Gold & Vanaria, P.C. informed her that her documentation was not sufficient.

14.    Ms. Dossin is, in every sense of the word, a less than sophisticated consumer, and reasonably believed that an officer of the court would not lie to her in a courthouse. She was falsely lead to believe that despite settling this amount with NCO, she would be forced to pay the balance of the debt because she did not any other documentation to support her claim.

15.    In a letter dated August 26, 2004, Ms. Dossin's counsel sent a letter to Gold & Vanaria, P.C. outlining the allegations herein, namely, that she had settled the account with NCO via a credit card payment, that the account was settled, and that the collection of the debt was a violation of the Federal Fair Debt Collection Practices Act as well as other applicable laws.

16.    In a response to that letter dated October 13, 2004, Gold & Vanaria claimed that they had investigated the allegations Ms. Dossin presented and that NCO informed them that the $6,000 was made in the "regular course."

17.    In their response, Gold & Vanaria, P.C. again attempted to collect the debt by demanding a payment of $12,000.

### COUNT ONE (v. Gold & Vanaria, P.C.)

18.    Paragraphs 1 through 17 are included in this count as if fully set forth herein.

19.    Gold & Vanaria, P.C.'s claim that it's client is entitled to any funds on this account is patently false and misleading and in violation of the Federal Fair Debt Collection Practices Act (FDCPA).

20.    Gold & Vanaria, P.C.'s use of the litigation process, in an effort to collect a debt on behalf of Seymore James, LLC is unfair, unlawful and unconscionable and in violation of the Federal Fair Debt Collection Practices Act.

21.    Gold & Vanaria's representation to Ms. Dossin that her documentation was not adequate to dispute her claim was patently false and misleading and specifically designed to strong arm Ms. Dossin into paying a debt she settled and resolved.

22.    Upon receipt of evidence of the disputed debt, the FDCPA requires Gold & Vanaria to obtain verification of the debt, and more importantly, bring Ms. Dossin's claims to the attention of its client.  Upon information and belief, Gold & Vanaria did not comply with their legal obligations under the FDCPA until prompted by Ms. Dossin's counsel, and even then, they did not fulfill those obligations.

23.    All of the aforementioned conduct violates the Fair Debt Collection Practices Act, and thus Gold & Vanaria, PC is strictly liable (15 U.S.C. Section 1692, et seq.).

24.    As a result of the unlawful conduct of the Defendant Gold & Vanaria, PC, Ms. Dossin has suffered damages, including emotional distress damages, damages to her credit and reputation, and has been forced to incur costs and attorneys fees, all to her loss and damage.

## COUNT TWO (v. NCO FINANCIAL SYSTEMS, INC)

25.    Paragraphs 1 through 24 are included in this count as if fully set forth herein.

7

26.     Either NCO reneged on its settlement with Ms. Dossin without informing her, or alternatively, they false represented to her that she was settling the account when they had no intention to do so. Either way, by NCO reneging on the settlement agreement it made with Ms. Dossin, it clearly engaged in an unfair and deceptive practice in violation of Chapter 93A of the Massachusetts General Laws. Ms. Dossin was lead to believe that for a payment of $6,000 the Household account would be settled and the matter resolved. Instead, one of at least two things happened:

> a.  NCO intentionally mislead Ms. Dossin into thinking that with a payment of $6,000 she could settle her account when they knew it was a false hood, and they knew that they were making that representation solely to get money from her; or

> b.  NCO had an incompetent collection agent who offered a settlement to Ms. Dossin that NCO and/or its principal did not approve but was nevertheless legally bound by. This allegation is further bolstered by the fact that Ms. Dossin was informed that within days of the Settlement Phone Call, the collection agent was terminated from her employment.

27.     NCO intentionally concealed the fact that the account was settled to either cover up its unlawful and fraudulent activities which are in violation of the Fair Debt Collection Practices Act, or to cover up the incompetence of its collection agents, which is unfair and deceptive under Chapter 93A of the General Laws.

8

28.    As a result of the unlawful actions of NCO as aforesaid, Mr. Brown has suffered damages, including emotional distress damages, damages to his credit and reputation, and has been forced to incur costs and attorneys fees, all to her loss and damage.

30.    To the extent that Seymore James, LLC is entitled to anything in its complaint, is against NCO and/or other parties not known at this time for intentionally misleading it into believing that debt it allegedly acquired for value was legally enforceable and/or otherwise valid.

WHEREFORE, the Third Party Plaintiff prays that this Court enter judgment in her favor, and further ORDER:

a.    That she be awarded compensatory damages;

b.    That she be awarded punitive damages;

c.    That the Third Party Defendants pay the costs of bringing this action, including but not limited to reasonable attorneys fees; and

d.    Any additional relief that this Court deems equitable, just and proper.

DATED at Boston, Massachusetts this 14th day of October, 2004.

THE DEFENDANT,
and
THIRD PARTY PLAINTIFF
Julie A. Dossin

By her attorney:

William J. McLeod, BBO 561872
McLeod Law Offices PC
77 Franklin Street
Boston, MA 02110
617-542-2956/phone
617-695-2778/fax

Case 3:04-cv-30236-MAP    Document 1-2    Filed 12/03/2004    Page 23 of 28

<u>Certificate of Service</u>

I hereby certify that a true copy of this document was mailed to counsel of record this 14th day of October, 2004, by mailing a copy to:

William U. McLeod