UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2004 DEC 23 P 12: 02
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SEYMORE-JAMES, LLC, <br><br>    Plaintiff, <br><br> v. <br><br> JULIE A. DOSSIN, <br><br>    Defendant. <br><br> JULIE A. DOSSIN, <br><br>    Third Party Plaintiff, <br><br> v. <br><br> NCO FINANCIAL SYSTEMS, INC., and GOLD & VANARIA, P.C. <br><br>    Third Party Defendants. | CASE NO.: 04-30236-KPN |

### ANSWER OF THE THIRD-PARTY DEFENDANT, NCO FINANCIAL SYSTEMS, INC. TO THE THIRD-PARTY COMPLAINT OF THE DEFENDANT/THIRD-PARTY PLAINTIFF, JULIE A. DOSSIN

The defendant, NCO Financial Systems, Inc. ("NCO"), hereby answers the defendant/third-party plaintiff's Complaint paragraph by paragraph as follows:

1.   NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the defendant/third-party plaintiff's Complaint, and, therefore, denies same.

1

2. NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the defendant/third-party plaintiff's Complaint, and, therefore, denies same.

3. NCO admits the allegations contained in paragraph 3 of the defendant/third-party plaintiff's Complaint.

## BACKGROUND

4. Upon information and belief, NCO admits the allegations contained in paragraph 4 of the defendant/third-party plaintiff's Complaint.

5. NCO admits that Household Bank placed account number 5437010523456284 (the "Account") with NCO for collection. Except as specifically admitted, however, NCO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the defendant/third-party plaintiff's Complaint, and, therefore, denies same.

6. NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the defendant/third-party plaintiff's Complaint, and, therefore, denies same.

7. NCO admits that its records indicate that the defendant/third-party plaintiff made a $6,000 credit card payment toward the Account on March 16, 2001. Except as specifically admitted, however, the allegations contained in paragraph 7 of defendant/third-party plaintiff's Complaint are denied.

8. NCO denies the allegations contained in paragraph 8 of the defendant/third-party plaintiff's Complaint.

9. NCO admits that it continued its collection efforts after receipt of the $6,000 payment. Except as specifically admitted, however, the allegations contained in paragraph 9 of defendant/third-party plaintiff's Complaint are denied.

10. NCO admits the Account was returned to Household Bank on May 15, 2001, and NCO admits that it did not attempt any contact with the defendant/third-party plaintiff after that date. Except as specifically admitted, however, the allegations contained in paragraph 10 of defendant/third-party plaintiff's Complaint are denied.

12.[1] NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the defendant/third-party plaintiff's Complaint, and, therefore, denies same.

13. NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the defendant/third-party plaintiff's Complaint, and, therefore, denies same.

14. NCO denies that it settled the defendant/third-party plaintiff's Account. NCO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the defendant/third-party plaintiff's Complaint, and, therefore, denies same.

---

[1] The defendant/third-party plaintiff's Complaint omitted paragraph number 11.

15. NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the defendant/third-party plaintiff's Complaint, and, therefore, denies same.

16. NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the defendant/third-party plaintiff's Complaint, and, therefore, denies same.

17. NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the defendant/third-party plaintiff's Complaint, and, therefore, denies same.

### COUNT ONE (V. GOLD & VANARIA, P.C.)

18-24. The allegations contained in paragraphs 18 through 24 appear to be directed toward another third-party defendant. To the extent that the allegations in paragraphs 18 through 24 of the defendant/third-party plaintiff's Complaint relate to NCO, NCO denies same. With respect to any remaining allegations contained in paragraphs 18 through 23 of the defendant/third-party plaintiff's Complaint, NCO is without knowledge or information sufficient to determine the truth of the those allegations, and, therefore, denies same.

### COUNT TWO (V. NCO FINANCIAL SYSTEMS, INC.)

25. NCO incorporates and reasserts its responses to paragraphs 1 through 24 of the defendant/third-party plaintiff's Complaint as if expressly asserted herein.

26. NCO denies the allegations contained in paragraph 26 of the defendant/third-party plaintiff's Complaint and each of its subparts.

27.  NCO denies the allegations contained in paragraph 27 of the defendant/third-party plaintiff's Complaint.

28.  NCO denies the allegations contained in paragraph 28 of the defendant/third-party plaintiff's Complaint.

30.[2]  NCO denies the allegations contained in paragraph 30 of the defendant/third-party plaintiff's Complaint. NCO further denies that the defendant/third-party plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

NCO, having denied each and every allegation contained in the defendant/third-party plaintiff's Complaint not specifically admitted above, states its affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, NCO states that the defendant/third-party plaintiff's Complaint, and each and every count thereof, fails to state a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, NCO states that if the defendant/third-party plaintiff suffered damages as alleged in her third-party Complaint, which NCO expressly denies, the damages were caused by a third person(s) over whom NCO had no control, and for whom NCO is not legally responsible.

---

[2] The defendant/third-party plaintiff's Complaint omitted paragraph number 29.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, NCO states that the defendant/third-party plaintiff's claims are barred against it by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, NCO states that the defendant/third-party plaintiff failed to satisfy the substantive and procedural requirements of making a demand under M.G.L. Ch. 93A.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, NCO states that if it violated the Fair Debt Collection Practices Act, which it expressly denies, any such violation was unintentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, the third-party defendant, NCO Financial Systems, Inc., requests that this Court:

1. Dismiss each and every cause of action asserted in the defendant/third-party plaintiff's Complaint with prejudice at the defendant/third-party plaintiff's cost;

2. Order the defendant/third-party plaintiff to pay reasonable attorney's fees and costs to NCO pursuant to federal and state law; and

3. Order such other relief as this Court determines is just and equitable.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record and/or parties pro se ___by hand; ___by fax; ___by FedEx; _X_ by placing a copy of same in the U.S. Mail, postage prepaid this __23rd__ day of __December__, 2004.

*[signature]*

Third Party Defendant,

NCO FINANCIAL SYSTEMS, INC.

By its Attorneys,

*[signature]*

Edward D. Shoulkin, B.B.O. No.: 555483
Eric M. Chodkowski, B.B.O. No.: 648629
TAYLOR, DUANE, BARTON & GILMAN, LLP
160 Federal Street, 5th Floor
Boston, MA 02110
(617) 654-8200

*Of Counsel*

David Israel
SESSIONS, FISHMAN & NATHAN, L.L.P.
201 St. Charles Avenue, 35th Floor
New Orleans, Louisiana 70170-3500
Telephone: (504) 582-1500
Facsimile: (504) 582-1555